1
2
3
4
5
6
7
8
9

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18

SINGA JONES,

               Petitioner,

          v.

RAYMOND MADDEN, Warden,

               Respondent.

Case No. ED CV 20-1802 CJC (MRW)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

19
20
21

     The Court summarily dismisses Petitioner's habeas action without prejudice for failure to state a claim.

                           * * *

22
23

     1.    Petitioner is currently serving a 29-year term in state prison based on his 2009 robbery conviction.

24
25
26
27

     2.    Petitioner previously sought habeas relief in this Court related to that conviction.  The Court denied relief in Petitioner's earlier habeas action.  Jones v. Virga, No. CV 12-436 CJC (MRW) (C.D. Cal.).  The United

28

1  States Court of Appeals for the Ninth Circuit declined to issue a certificate
2  of appealability in that action.  (Docket # 33.)

3      3.      Petitioner's current habeas petition appears to present a state
4  law challenge to the legality of an enhancement imposed at his original
5  sentencing.  (Petition at 5-6.)

6      4.      Magistrate Judge Wilner ordered Petitioner to explain why the
7  action should not be dismissed on a variety of procedural and substantive
8  bases, including timeliness, successiveness, and failure to state a federal
9  constitutional claim.  (Docket # 4.)

10     5.      Petitioner submitted a response to Judge Wilner's order.
11 (Docket # 9.)  The response made clear that Petitioner seeks federal court
12 review of the state courts' sentencing-related decisions based on the state's
13 recent enactment of Proposition 47 (recharacterizing certain drug and theft
14 offenses as misdemeanor crimes).  (Docket # 9 at 3.)

15                                    * * *

16     6.      If it "appears from the application that the applicant or person
17 detained is not entitled" to habeas relief, a court may summarily dismiss a
18 habeas action.  28 U.S.C. § 2243; see also Rule 4 of Rules Governing
19 Section 2254 Cases in United States District Courts (petition may be
20 summarily dismissed if petitioner plainly not entitled to relief); Local Civil
21 Rule 72-3.2 (magistrate judge may submit proposed order for summary
22 dismissal to district judge "if it plainly appears from the face of the petition
23 [ ] that the petitioner is not entitled to relief").

24     7.      For a state prisoner to obtain habeas relief, s/he must properly
25 allege that the decisions of the state court "(1) resulted in a decision that
26 was contrary to, or involved an unreasonable application of, clearly
27 established Federal law, as determined by the Supreme Court of the

28

United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Habeas corpus relief is reserved for claims in which a prisoner contends that a federal constitutional error affects "the validity of the prisoner's continued incarceration." <u>Ramirez v. Galaza</u>, 334 F. 3d 850, 856 (9th Cir. 2003).

8.     A state prisoner must fairly present a federal constitutional claim for habeas consideration. <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). Driveby references to the federal constitution or vague concepts like "a fair trial" or "fair sentencing" are insufficient to fairly present and exhaust the legal basis for a constitutional claim. <u>Castillo v. McFadden</u>, 399 F.3d 993, 999 (9th Cir. 2005); <u>Fields v. Waddington</u>, 401 F.3d 1018, 1021 (9th Cir. 2005).

9.     A challenge to a state court's interpretation or application of its own sentencing laws is generally not subject to federal habeas review. <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990); <u>Campbell v. Blodgett</u>, 997 F.2d 512, 522 (9th Cir. 1992) ("[a]s the Supreme Court has stated time and again, federal habeas corpus relief does not lie for errors of state law."); <u>Christian v. Rhode</u>, 41 F.3d 461, 469 (9th Cir. 1994) ("a state court's misapplication of its own sentencing laws does not justify federal habeas relief.")

10.     That prohibition extends to state sentencing initiatives such as Proposition 47. Ample authority establishes that "assertions that the state court erred in declining to resentence a petitioner under [ ] Proposition 47 typically fail to state a cognizable federal habeas claim." <u>Bradley v. Sherman</u>, No. CV 20-6294 JVS (SHK), 2020 WL 5804076 at *3 (C.D. Cal. 2020) (collecting cases); <u>Ashanti v. Barreto</u>, No. CV 15-10026 DDP (AGR),

2018 WL 4381541 at *3 (C.D. Cal. May 8, 2018) ("A claim premised on Proposition 47 is not cognizable on federal habeas review.").

\* \* \*

11.     Petitioner's original petition and his supplemental statement make clear that he seeks federal review of his failed attempt to obtain state court relief under Proposition 47.  (Docket # 9 at 3 ("Proposition 47 became available after Petitioner had already been sentenced, making it available for him to apply.").)

12.     Further, none of the state law decisions upon which Petitioner purports to base his current application (Ward, Humphrey, Le (cited at Docket # 1 at 5-6, # 6)) is, or plausibly relies on, a statement of the United States Supreme Court clearly establishing a principle of federal constitutional law relevant to Petitioner's claims of sentencing error.

13.     As such, the current action does not present a federal constitutional question upon which this Court can properly grant habeas relief under 28 U.S.C. § 2254(d).  Lewis, 497 U.S. at 780; Christian, 41 F.3d at 469; Bradley, 2020 WL 5804076 at *3.  The habeas action must be dismissed.[1]

---

[1]     Because the action clearly does not state a federal cause of action, the Court declines to address the other procedural or successiveness issues raised in the magistrate judge's screening order.

4

Therefore, the present action is hereby DISMISSED without prejudice. Fed. R. Civ. P. 41; L.R. 72-3.2.

IT IS SO ORDERED.

Dated: October 20, 2020

_____

HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

Presented by:

_____

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE